No. 24-70008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**IRVING ALVIN DAVIS**
*Petitioner-Appellant,*

**v.**

**BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,**
*Respondent-Appellee*

On Appeal from the United States District Court, Western District of Texas, El Paso Division, Case No. 3:14-cv-00121-KC

## UNOPPOSED MOTION FOR 60-DAY EXTENSION OF TIME TO FILE MOTION FOR CERTIFICATE OF APPEALABILITY AND BRIEF IN SUPPORT

**TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

Petitioner-Appellant, Irving Alvin Davis, respectfully requests a 60-day extension of time to file his motion for certificate of appealability and brief in support, currently due on December 10, 2024. A 60-day extension of time would extend the due date for these filings to **February 10, 2025**. This is Mr. Davis's **first**

request for an extension of time in this cause, and the Director is **unopposed** to this extension of time.

Mr. Davis submits that good cause exists for this requested extension of time. *See* 5th Cir. R. 31.4.2 (a)-(c). At the outset, counsel notes that Mr. Davis's case is procedurally complex and factually wide-ranging. After he was convicted of capital murder in the course of an aggravating assault when he was 18 years old, Mr. Davis appealed, and his sentence of death was overturned by the Texas Court of Criminal Appeals "on the issue of punishment." *Davis v. State*, No. AP-74,393, 2007 WL 1704071, at *1 (Tex. Crim. App. June 13, 2007). Mr. Davis received a new punishment trial and again sentenced to death; a sentence affirmed on appeal. *Davis v. State*, 329 S.W.3d 798 (Tex. Crim. App. 2010), *cert. denied*, 565 U.S. 830 (2011). He thereafter "filed an application for writ of habeas corpus following his first conviction and sentence, and he filed a second application following the retrial on [his] punishment. *Ex parte Davis*, No. WR-61,455-01 & -02, 2014 WL 969802 (Tex. Crim. App. Mar. 12, 2014). After filing his initial petition for a writ of habeas corpus below, Mr. Davis returned to state court to exhaust certain claims. *See Ex parte Davis*, No. WR-61,445-03, 2020 WL 1645017 (Tex. Crim. App. Apr. 1, 2020).

Mr. Davis's federal habeas petition, which had been amended several times to reflect the ongoing nature of the state court proceedings as well as the receipt of

discovery ordered by the district court,[1] was lastly amended on December 6, 2021 (ECF:165). It contained 127 pages with 10 claims (many with sub-parts). The Director's Answer was 150-pages long and raised, *inter alia*, a variety of complex procedural defenses (ECF:170), and Mr. Davis's Reply was 73-pages long (ECF:175). The district court's order denying relief is also an extensive 133-page order replete with detailed factual assertions and legal analysis (ECF:177).

In light of the density and length of the record, Mr. Davis's undersigned counsel must spend a significant time winnowing the issues to be presented to this Court and preparing to brief the complex factual and legal claims. Even by capital case standards, Mr. Davis's transcripts, pleadings, and files are large due to the multiple sentencing hearings and various postconviction court proceedings, including a state court evidentiary hearing. The issues in this case include juror bias, ineffective assistance of counsel, alleged misconduct by the State, and a violation of the First Amendment due to evidence presented by the prosecution at Mr. Davis's retrial. Counsel must evaluate all of these claims in order to narrow them for presentation to this Court, which is no easy task given their factual and legal complexity, not to mention the stakes at issue in this capital case. The

---

[1]The undersigned attorney did not represent Mr. Davis throughout the majority of the federal habeas litigation; he was appointed to replace prior federal counsel, who had accepted new employment that did not permit him to accept CJA cases any longer, after the case had been litigated for several years (ECF:149, 153).

requested extension of time is therefore necessary in order for Mr. Davis's counsel to provide effective assistance in this appeal. *See* 5th Cir. R. 31.4.2 (b).

Mr. Davis's counsel also alerts the Court to the following circumstances surrounding pending litigation in other cases. For example, the undersigned is lead attorney in a Florida capital case (*Hojan v. State*, No. 02-005900-CF-10B, Broward County, Florida), in which an evidentiary hearing is presently scheduled to commence on December 18, 2024; that hearing is scheduled for 3-days. Additionally, Mr. Davis's counsel also represents another Florida capital defendant whose case is presently on appeal to the Eleventh Circuit Court of Appeals (*Franqui v. Sec'y, Fla. Dep't. of Corrections*, No. 24-11887); a certificate of appealability is due in that case by December 24, 2024. Finally, although not case-specific, counsel notes that he has had longstanding plans to be out of the country on a pre-paid holiday from December 28, 2024, until January 19, 2025. Under these circumstances, Mr. Davis's counsel respectfully submits that the requested extension is of reasonable length and is necessary under these circumstances. *See* 5th Cir. R. 31-4.2 (a), (c).

For these reasons, Mr. Davis requests a 60-day extension of time to file his motion for certificate of appealability and brief in support.

Respectfully submitted,

*/s/ Todd G. Scher*
TODD G. SCHER
Florida Bar No. 0899741
Law Office of Todd G. Scher, P.L.
1722 Sheridan Street #346
Hollywood, FL 33020
Tel: (754) 263-2349
Fax: (754) 263-4147
Email: TScher@msn.com

## Certificate of Compliance

I certify that (1) this Motion was prepared in 14-point Times New Roman using Microsoft Word software, (2) this Motion is 777 words, excluding the exempted sections by the rules of court, and (3) this Motion has been scanned for viruses and is virus-free. Counsel further certifies that any required privacy redactions have been made in compliance with Fifth Cir. Rule 25.2.13.

*/s/ Todd G. Scher*
Todd G. Scher

## Certificate of Conference

I hereby certify that on November 15, 2024, I conferred with Craig Cosper, counsel for the Respondent-Appellee, who authorized counsel to represent that the Respondent-Appellee has **no objection** to the 60-day extension of time for the filing of the motion for certificate of appealability and accompanying brief.

*/s/ Todd G. Scher*
Todd G. Scher

**Certificate of Service**

I hereby certify that on November 25, 2024, I electronically filed the foregoing Motion with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Todd G. Scher*
Todd G. Scher